UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **MICHAEL C. HAUGHTON** | * | **CIVIL ACTION NO. 13-2664** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **PLAN ADMINISTRATOR OF THE XEROX CORPORATION RETIREMENT INCOME GUARANTEE PLAN** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is an amended motion to transfer venue [doc. # 14] filed by defendant, Plan Administrator of the Xerox Corporation Retirement Income Guarantee Plan ("RIGP"). For reasons assigned below, the motion is GRANTED, and the matter is hereby TRANSFERRED to the United States District Court for the Western District of New York. 28 U.S.C. § 1404(a).[1]

### Statement of Facts

On September 13, 2013, Michael C. Haughton ("Haughton") filed the instant complaint under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. (specifically, § 1132(a)(2)), against the Xerox Corporation Retirement Income Guarantee Plan ("RIGP" or the "Plan"). (Compl.). RIGP is an "employee pension benefit plan" within the meaning of § 3(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

---

[1] As this order does not address one of the matters excepted in 28 U.S.C. § 636(b)(1)(A), nor disposes of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

U.S.C. § 1002(1). *See* Compl., ¶¶ 1, 3. Haughton is a former employee of Xerox Corporation and a "beneficiary" under the Plan. *Id.*

In 2012, Haughton retired from Xerox Corporation, and determined to take a lump sum benefit under the Plan in 2013. *Id.*, ¶ IV. He executed the necessary retirement documents, and verbally instructed agents of the plan administrator that he intended the valuation date to be effective January 2013, rather than 2012. *Id.*, ¶ V. Nevertheless, despite his instructions, the plan administrator processed his claim with a retirement date in 2012, thus causing Haughton's lump sum benefit under the Plan to be $50,000 less than it otherwise would have been had the plan administrator received his retirement paperwork in 2013. *Id.*, ¶ VI. Haughton contends that the plan administrator breached its fiduciary duty by failing to provide him with relevant information and/or by misleading him relative to his election. *See* Compl., ¶ VIII; Opp. Memo., pg. 2. As a result, Haughton seeks to recover the $50,000 shortfall in his intended and expected benefit under the Plan. (Compl., Prayer).

On November 26, 2013, RIGP initially appeared in this matter via a disjunctive motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(3), or in the alternative, to transfer venue, 28 U.S.C. § 1406(a), premised upon a forum selection clause set forth in the Plan. On December 3, 2013, however, the United States Supreme Court issued its opinion in *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, holding that the proper mechanism to enforce a forum selection clause is a motion to transfer pursuant to 28 U.S.C. § 1404(a), *not* a motion to dismiss under Rule 12(b)(3) or 28 U.S.C. § 1406(a). *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, ___ U.S. ___, 134 S. Ct. 568 (2013) ("*Atlantic Marine*").

Following the Supreme Court's clarification, RIGP sought and obtained permission to file the instant amended motion to transfer venue pursuant to 28 U.S.C. § 1404(a), which effectively

superseded its prior motion. *See* Dec. 17, 2013, Order [doc. # 17]. Plaintiff filed his opposition to the amended motion on December 17, 2014. RIGP filed its reply brief on January 27, 2014. Thus, the matter is ripe for decision.

## Discussion

I.   **The Forum Selection Clause is Valid and Enforceable**

As recounted above, RIGP seeks transfer to the United States District Court for the Western District of New York pursuant to a forum selection clause contained in the Plan. The Supreme Court explained in *Atlantic Marine* that 28 U.S.C. § 1404(a) "provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district." *Atlantic Marine, supra*. Nonetheless, before this court may proceed to apply *Atlantic Marine*, several underlying preconditions must be assured. In *Atlantic Marine*, for instance, the Court presupposed a contractually valid forum-selection clause, agreed-to by the parties. *Atlantic Marine*, 134 S.Ct. at 581 and n5. Furthermore, the district court must determine whether the forum selection clause applies to the type of claims asserted in the lawsuit by looking to the language of the agreement. *See Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 616 (5th Cir. 2007) (unpubl.) (citation omitted).

In the case *sub judice*, the Plan includes the following provision, "Restriction of Venue. Any action *in connection with* the Plan by a Member or beneficiary may only be brought in Federal District Court in Monroe County, New York." (The Plan, § 14.8; M/Dismiss, Exh. 1A; *see also* Compl., ¶ II) (emphasis added). Of course, "the phrase 'in connection with' is essentially 'indeterminat[e]' because connections, like relations, 'stop nowhere.'" *Maracich v. Spears*, ___ U.S. ___, 133 S. Ct. 2191, 2200 (2013) (citation omitted). It is evident, however,

that the Plan employed the "in connection with" phrase to denote that the forum selection clause applies to any action arising under ERISA. Indeed, a state law "relates to" an employee benefit plan for purposes of ERISA preemption if it has a "connection with" or reference to such a plan. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890 (1983).

Here, Haughton alleges that he is a beneficiary under an ERISA plan, and seeks damages against the plan administrator for breach of fiduciary duty under ERISA. Therefore, it is manifest that the instant action is *connected with* the Plan, and that the forum selection clause, if otherwise enforceable, is broad enough to encompass the dispute.

The enforceability of a forum selection clause is decided pursuant to federal law. *Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997). Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907 (1972). "This rule also applies to form contracts," i.e. unilateral contracts. *See Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 111 S.Ct. 1522, 1527 (1991)). Nonetheless, "[t]he presumption of enforceability . . . may be overcome by a clear showing that the clause is unreasonable under the circumstances." *Haynsworth, supra* (citation and internal quotation marks omitted). A party may demonstrate unreasonableness where

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Id.* (citing *Carnival Cruise Lines,* 499 U.S. at 595, 111 S.Ct. at 1528; *The Bremen,* 407 U.S. at

12–13, 15, 18, 92 S.Ct. at 1914–15, 1916, 1917).

An additional consideration, at least in the context of unilateral or form contracts, is whether the party contesting the clause had notice of the provision. *See Carnival Cruise Lines, supra*. In the end, however, the party resisting enforcement bears a "heavy burden of proof." *Haynsworth, supra*.

 Haughton raises several arguments which may fall under one or more of the recognized grounds for unreasonableness. First, he contends that the forum selection clause is against public policy because it contravenes ERISA's generous venue provision:[2]

> [w]here an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2).

Plaintiff then argues that by adopting a clause that limited ERISA's venue provisions, the plan administrator breached its fiduciary duty under ERISA: "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and – in accordance with the documents and instruments governing the plan *insofar as such documents*

---

 [2] In the *M/S Bremen*, the Supreme Court stated that the courts should consider whether the forum selection clause violates a strong public policy of the *forum state*. *The M/S Bremen, supra*. ERISA, of course, does not reflect the policy of Louisiana. Although Louisiana does have a policy against forum selection clauses in employment contracts and collective bargaining agreements, *see* Louisiana Revised Statute § 23:921, the court is not persuaded that an ERISA plan falls under either of those two categories. In any event, a state law cannot automatically void a forum selection clause, thereby subordinating federal law, 28 U.S.C. § 1404(a), to an inconsistent state law. *Stewart Organization, Inc. v. Ricoh*, 487 U.S. 22, 31, 108 S.Ct. 2239, 2244, n10 (1988).

*and instruments are consistent with [ERISA]."* 29 U.S.C.. § 1104(a)(1)(D) (emphasis added).[3]

As pointed out by RIGP, however, a decision by a plan sponsor to modify or amend a plan is a decision rendered in its capacity as a trust settlor, not as a fiduciary. *Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243, 251 (5th Cir. 2008) (emphasis added).[4]  Thus, no fiduciary duty is owed (or breached) as a result of the inclusion of a forum selection clause in the Plan. *See Kirschbaum*, *supra*.

Having deflated Haughton's breach of fiduciary duty argument, the court further observes that ERISA's venue provisions are not appreciably more expansive than the options available under the general venue statute.  *See* 28 U.S.C. § 1391; *Atlantic Marine, supra* (general "venue statutes reflect Congress' intent that venue should always lie in *some* federal court whenever federal courts have personal jurisdiction over the defendant.").  Moreover, the Supreme Court has recognized that, by prior agreement, parties are free to derogate from the general venue statute.  *Atlantic Marine, supra* (and cases cited therein).

In addition, courts have held that Congress did not preclude parties from agreeing to arbitrate statutory ERISA claims.  *Kramer v. Smith Barney*, 80 F.3d 1080, 1084 (5th Cir. 1996).  Of course, an agreement to arbitrate is but a specialized kind of forum-selection clause that

---

[3] These arguments carried the day in *Coleman v. Supervalu, Inc. Short Term Disability Program*, 920 F. Supp. 2d 901 (N.D. Ill. 2013) and *Nicolas v. MCI Health & Welfare Plan No. 501*, 453 F. Supp. 2d 972, 974 (E.D. Tex. 2006).  The *Coleman* court conceded, however, that a substantial majority of courts have found no impediment to a forum selection clause in the ERISA context.  *See Coleman, supra* (collecting cases).

[4] In 2004, Xerox Corporation first amended the RIGP to include a forum selection clause that effectively designated the Western District of New York as the exclusive forum for all actions in connection with the RIGP.  *See Testa v. Becker*, 2010 WL 1644883 (C.D. Cal. Apr. 22, 2010). The current clause apparently has been in effect since 2008.  *Id.*  Between 2004 and 2008, the Plan alternately designated the Central District of California as the exclusive forum or had not no designated forum at all.  *Id.*

6

dictates not only the situs of suit but also the procedure to be used in resolving the dispute. *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519, 94 S. Ct. 2449, 2457 (1974). Clearly, if ERISA does not prohibit parties from agreeing to arbitrate statutory ERISA claims outside of a judicial forum, *a fortiori* it does not prohibit parties from agreeing to resolve their dispute before a stipulated judicial forum.[5] In other words, Haughton has not established that Congress intended to preclude a plan sponsor from specifying a certain judicial forum for resolution of claims that are connected with an ERISA plan. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26, 111 S. Ct. 1647, 1652 (1991) (citation omitted) (burden is on party challenging arbitration agreement to show that Congress intended to preclude waiver of a judicial forum for ADEA claims).

Haughton further contends that the forum selection clause should not be enforced because his bargaining position in negotiating the agreed-to forum was nil. However, in the analogous context of a contractual agreement between a seaman and his employer, the Fifth Circuit stated that,

> [t]he similarities between the present case and *Carnival Cruise Lines* are many. The contracts of employment for seamen aboard international vessels are routine;

---

[5] In 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act, which expanded § 1404(a) to permit the parties to transfer a civil action *not only* to any district where it otherwise might have been brought, but also to any district to which they *consented*. The amendment effectively sanctioned the ability of parties to agree to litigate in a forum other than the forum specified by the applicable venue statute. *In re Atl. Marine Const. Co., Inc.*, 701 F.3d 736, 749 n4 (5th Cir. 2012) *rev'd on other grounds, sub nom. Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, __ U.S. __, 134 S. Ct. 568 (2013) (amendment demonstrates that Congress recognizes that forum-selection clauses may be enforced even where the chosen venue is not that chosen by federal venue statutes).

> the seaman individually does not have much bargaining power. The selection of a forum in advance reduces the vessel owner's exposure to suits in forums all over the world. Furthermore, it informs the seamen of where their causes of action can be maintained. Where this case departs from *Carnival Cruise Lines* is that the forum selection clause was imposed by an arm of the Philippine government rather than by either party. This distinction does not alter the fact that the forum selection clause is fundamentally fair. We find, then, that the forum selection clauses in the seamen's contracts are enforceable.

*Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 221 (5th Cir. 1998) (footnotes omitted).

More specifically, in the ERISA context,

> beneficiaries of employer-sponsored ERISA plans are generally not parties to the contract and play no role in negotiating the contract. But the contract nevertheless defines the rights and obligations of the plan administrator and the beneficiaries. In bringing this suit, the [plaintiffs] claim rights under the Plan . . . They must take the bad with the good.
>
> Moreover, a plan administrator and an employer may have legitimate reasons to agree to a forum-selection clause. A plan administrator . . . may propose a forum-selection clause in order to conserve its resources and assure some predictability in the interpretation of its plans. And an employer . . . may agree to such a proposed clause because the cost savings enjoyed by the plan administrator will redound to the benefit of the employer and the beneficiaries . . .

*Schoemann ex rel. Schoemann v. Excellus Health Plan, Inc.*, 447 F. Supp. 2d 1000, 1007 (D. Minn. 2006)

Applying the foregoing authority to the case at bar, the court finds that Haughton has not established that his lack of bargaining power or input rendered the Plan's forum selection clause fundamentally unfair.

Plaintiff further argues that it would be "terribly inconvenient" for a plan beneficiary to litigate a breach of fiduciary duty claim in a far away forum. However, to the extent that the parties will be permitted to conduct additional discovery in this case, it does not appear that extensive discovery will be needed. Moreover, the benefit of having all disputes connected with the Plan litigated in one forum enures not only to the benefit of Plan assets, but also to the beneficiaries and participants. Other beneficiaries may have suffered the same or similar plight

as Haughton. By submitting their claims before one court, beneficiaries may pool and conserve their limited resources. In fact, an attorney may be more willing to accept representation when he or she has other similar cases with overlapping issues. Given that the Western District of New York is the stipulated locus for claims against the RIGP, Haughton should have no difficulty securing the assistance of a New York attorney, as needed, going forward.

In sum, the court finds that Haughton has not met his "heavy burden of proof" to show that enforcement of the RIGP's forum selection clause is unreasonable under the circumstances.

## II.     Transfer is Warranted under § 1404(a)

Having determined that this matter is governed by a valid forum selection clause, the court must turn to 28 U.S.C. § 1404(a) to give effect to the parties' intent. *See Atlantic Marine, supra*. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Historically, the threshold inquiry under § 1404(a) was whether a civil action "might have been brought" in the destination venue. *In Re Volkswagen of America, Inc.*, 545 F.3d 304, 312-313 (5th Cir. 2008) (en banc). After the 2011 amendment, however, transfer is authorized to any district to which all parties have consented. Here, the Plan stipulated to venue in federal district court in Monroe County, New York, which is located in the Western District of New York. *Klotz v. Xerox Corp.*, 519 F. Supp. 2d 430, 433 (S.D. N.Y. 2007) (citing 28 U.S.C. § 112).[6]

---

[6] To the extent that Haughton did not explicitly "consent" to venue in the Western District of New York, the court observes that Lawrence Becker, a member of the RIGP Plan Administrator Committee, executed his affidavit at Monroe County, New York. (Def.

In the typical case not involving a forum selection clause, the party seeking transfer must establish good cause for the transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). To make this determination, the court considers a number of "not necessarily exhaustive or exclusive" private and public interest factors. *Volkswagen II*, 545 F.3d at 315. The private interest factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. (citations omitted). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

The foregoing analysis changes, however, when, as here, the suit is premised upon a written instrument that includes a valid forum selection clause. *See Atlantic Marine, supra*. The presence of the forum selection clause requires the court to alter its usual § 1404(a) analysis, in three ways,

1)    The Plaintiff's choice of forum is accorded no weight;

2)    The court may not consider arguments concerning private interest factors; and

3)    If transferred, the case does not retain the original venue's choice of law rules.

---

M/Dismiss, Exh. 1). This evidence, albeit meager, suggests that the Plan was administered, at least partially, from Monroe County New York. Thus, the action could have been brought in the United States District Court for the Western District of New York. *See* 29 U.S.C. § 1132(e)(2).

*Atlantic Marine, supra*.

These modifications ensure that "a valid forum selection clause [will be] given controlling weight in all but the most exceptional cases." *Id*. (citation and internal quotation marks omitted).[7] Applying the remaining public interest factors, the court finds,

1) <u>Administrative Difficulties Flowing from Court Congestion</u>

There is no evidence that this factor is a consideration in this case. Thus, it remains neutral.

2) <u>Local Interest in Having Localized Interests Decided at Home</u>

This factor seeks to uphold the ideal that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 67 S.Ct. 839 (1947)). Here, however, neither side has requested a jury. Moreover, there are no allegations that either party resides in the Western District of Louisiana. In contrast,

---

[7] The Supreme Court explained that the presence of a forum selection clause required modification of the standard § 1404(a) analysis because the clause evidenced the parties' waiver of their right to challenge the preselected forum as inconvenient. *Atlantic Marine*. This rationale is not readily applicable in an ERISA case where the beneficiary or participant did not negotiate the terms of the plan. As discussed, *supra*, however, the decision by the plan sponsor or settlor to include a forum selection clause potentially aids not only the plan administrator, but also the beneficiaries, participants, and plan assets. Moreover, a beneficiary or participant's rights under a plan are subject to the valid terms and conditions of the Plan. Furthermore, because no more than limited discovery is permitted in most ERISA cases, the private interest factors should not predominate. It is this court's experience that ERISA cases are decided either on the basis of the existing administrative record or on summary judgment.
 In any event, the parties in this case did not provide any evidence or discussion relative to the private interest factors. However, because the RIGP is administered at least partially in the Western District of New York, it is likely that any relevant witnesses and documents involved in the plan decision will be found in that district or region. Thus, to the extent that the private interest factors still may be considered in the present context after *Atlantic Marine*, they do not suffice to maintain the case in this district.

there is some evidence that the subject plan is at least partially administered in the transferee forum.  At best, this factor tilts but minimally in favor of transfer.

3 & 4) <u>Familiarity of the Forum with the Law That Will Govern the Case; and the Avoidance of Unnecessary Problems of Conflict of Laws [Or In] the Application of Foreign Law</u>

Both this court and the Western District of New York are equally capable of applying federal law.  Furthermore, maintenance of the suit in either forum will not resolve or create any problems with conflicts of law or in the application of foreign law.  *See Atlantic Marine, supra*.  Thus, these factors remain neutral.

In sum, Haughton has not demonstrated that application of the public-interest factors overwhelmingly disfavor transfer as required to override the otherwise presumptive effect of the Plan's forum selection clause.

## **Conclusion**

For the foregoing reasons,

IT IS ORDERED that the amended motion to transfer venue [doc. # 14] filed by defendant, Plan Administrator of the Xerox Corporation Retirement Income Guarantee Plan ("RIGP") is GRANTED, and this matter is hereby TRANSFERRED to the United States District Court for the Western District of New York.  28 U.S.C. § 1404(a).

THUS DONE AND SIGNED at Monroe, Louisiana, this 8th day of March 2014.

_____
Karen L. Hayes, U.S. Magistrate Judge